UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JESSICA L. TEJADA,<br><br>   Plaintiff,<br><br>v.<br><br>I.Q. DATA INTERNATIONAL, INC.,<br><br>   Defendant. | Case No. 5:20-cv-00241 |

## COMPLAINT

NOW COMES Plaintiff, JESSICA L. TEJADA, through undersigned counsel, complaining of Defendant, I.Q. DATA INTERNATIONAL, INC., as follows:

## NATURE OF THE ACTION

1. This action is seeking damages for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Texas Debt Collection Act (the "TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. JESSICA TEJADA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Floresville, Texas.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by by Tex. Fin. Code Ann. § 392.001(1)..

8. I.Q. DATA INTERNATIONAL, INC. ("I.Q. Data") is a corporation organized and existing under the laws of the state of Washington.

9. I.Q. Data maintains a principal place of business at 21222 30th Drive SE, Suite 120, Bothell, Washington 98021.

10. I.Q. Data is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of I.Q. Data's business is the collection of debt.

11. I.Q. Data is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

12. I.Q. Data is a "debt collector" as defined by by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

13. Plaintiff entered into a lease for an apartment with Broadstone on Medical.

14. Plaintiff broke the lease early.

15. Plaintiff left with an account balance.

16. Plaintiff's balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. Plaintiff's balance is a "consumer debt" as defined by as defined by Tex. Fin. Code Ann. § 392.001(2).

18. Plaintiff's balance, once unpaid, was referred for collection.

19. On January 21, 2020, Plaintiff phoned I.Q. Data.

20. I.Q. Data demanded immediate payment.

21. Plaintiff disputed that she owed the $4,000.00 amount sought.

22. I.Q. Data informed Plaintiff that absent payment, they will "lien" Plaintiff's paycheck.

23. I.Q. Data encouraged Plaintiff to obtain credit in order to repay this debt.

24. Frightened, Plaintiff paid $800.00.

25. On January 31, 2020, Plaintiff received word that I.Q. Data charged $1,050.00 to Plaintiff's credit card account without Plaintiff's consent.

26. Fortunately, Capital One declined this purchase.

27. Thereafter, I.Q. Data phoned Plaintiff.

28. I.Q. Data informed Plaintiff that without payment, "[they] will ruin Plaintiff's credit."

29. Plaintiff hung up.

30. To date, Plaintiff has not received anything in writing from I.Q. Data regarding this debt.

31. I.Q. Data's failure to advise Plaintiff – *in writing* – deprived Plaintiff notice of Plaintiff's rights under the law.

32. I.Q. Data's collection practices caused added undue stress – exacerbating Plaintiff's recent cancer diagnosis.

33. Concerned with having had her rights violated, Plaintiff sought counsel to ensure that I.Q. Data's unlawful collection practices stopped.

34. Accordingly, Plaintiff is forced to expend energy and/or time consulting with attorneys to put an end to I.Q. Data's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

35. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692e

36. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

- (4) Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment.

- (5) Threat to take any action that cannot legally be taken or that is not intended to be taken.

- (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

37. I.Q. Data violated 15 U.S.C. §§ 1692e(4), (5) and e(10) by threatening to "lien" Plaintiff's payment without payment.

38. I.Q Data violated 15 U.S.C. § 1692e(5) by threatening that they will ruin Plaintiff's credit.

39. I.Q. Data's representations dishonestly suggested existence of collection proceedings against Plaintiff.

40. I.Q. Data's representations were made to coerce Plaintiff into making prompt payment.

41. Upon information and belief, I.Q. Data was not able (or did not intend) to "lien" Plaintiff's paycheck when I.Q. Data made that threat.

42. Upon information and belief, I.Q. Data did not intend to report to credit reporting agencies when I.Q. Data made that threat.

### Violation(s) of 15 U.S.C. § 1692f

43. Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

4

15 U.S.C. § 1692f.

44. Defendant violated 15 U.S.C. § 1692f by attempting to charge $1,050.00 to Plaintiff's credit card account without Plaintiff's consent.

### Violation(s) of 15 U.S.C. § 1692g

45. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

46. The disclosures set forth in 15 U.S.C. § 1692g(a), frequently referred to as the "validation notice," are required in the initial communications of all debt collection attempts.

47. The validation notice provisions were included by Congress to ensure that consumers would receive notice of their legal rights.

48. I.Q. Data violated 15 U.S.C. § 1692g(a) by failing to include the mandatory validation notice as required by 15 U.S.C. § 1692g(a).

49. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(4), e(5), e(10), f and g(a), pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

   (1)   any actual damage sustained by such person as a result of such failure;

   (2)

         (A)   in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

   (3)   in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.   a finding that I.Q. Data violated 15 U.S.C. §§ 1692e(4), e(5), e(10), f and g(a);

B.   an award of any actual damages sustained by Plaintiff as a result of I.Q. Data's violation(s);

C.   an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.   an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.   an award of such other relief as this Court deems just and proper.

## Count II
## Violation(s) of Tex. Fin. Code Ann. § 392.304

50. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

51. Subsection 392.304(8) of the Texas Finance Code provides:

[i]n debt collection, or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:

> (8) Misrepresenting the character, extent, or amount of the consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceedings.

Tex. Fin. Code Ann. § 392.304(8).

52. I.Q. Data violated Tex. Fin. Code Ann. § 392.304(8) by threatening to "lien" Plaintiff's paycheck when they were legally unable to do so.

53. Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.304(8) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

(a) A person may sue for:

(1) injunctive relief to prevent or restrain a violation of this chapter; and

(2) actual damages sustained as a result of a violation of this chapter.

(b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Tex. Fin. Code Ann. § 392.304(8);

B. an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C. an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D. an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: February 27, 2020          Respectfully submitted,

                 **JESSICA TEJADA**

                 By: */s/ Joseph S. Davidson*

                 Mohammed O. Badwan
                 Joseph S. Davidson
                 **SULAIMAN LAW GROUP, LTD.**
                 2500 South Highland Avenue
                 Suite 200
                 Lombard, Illinois 60148
                 +1 630-575-8181
                 mbadwan@sulaimanlaw.com
                 jdavidson@sulaimanlaw.com